■ In the Matter of the Estate of NATALE BUMBACA, Deceased. SALVATORE BUMBACA, as Administrator C. T. A. of the Estate of NATALE BUMBACA, Deceased, Respondent-Appellant; ANTHONY BUMBACA, Appellant-Respondent.—In an action, *inter alia*, to set aside two deeds, which was transferred to the Surrogate's Court, Suffolk County, for determination in connection with the proceedings to settle the estate of Natale Bumbaca, Anthony Bumbaca appeals, as limited by his brief, from a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated January 3, 1990, which, *inter alia*, set aside a deed purporting to convey ownership of certain real property from the decedent to him and the decedent as joint tenants; and Salvatore Bumbaca, as administrator *c. t. a.* of the decedent's estate, cross-appeals, as limited by his brief, from stated portions of the same decree which, *inter alia*, dismissed the cause of action seeking to set aside a deed conveying ownership of another parcel of real property from the decedent to Anthony Bumbaca and the decedent as joint tenants, dismissed his demand for an accounting of rental income received from 10 East Oakdale Street in Bay Shore, Suffolk County, and dismissed the cause of action seeking recovery of loans allegedly made by the decedent to third parties, allegedly for the use and benefit of the decedent.

Ordered that the decree is modified, on the law, by deleting

the provision thereof which dismissed the plaintiff's demand for an accounting of rental income received from 10 East Oakdale Street in Bay Shore, Suffolk County, and substituting therefor a provision directing an accounting; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Suffolk County, for an accounting of the rental income received from 10 East Oakdale Street in Bay Shore, Suffolk County.

This action was commenced in the Supreme Court, Suffolk County, by Natale Bumbaca, who alleged that he conveyed ownership of two parcels of real property located at 8 East Oakdale Street in Bay Shore, Suffolk County, and 10 East Oakdale Street in Bay Shore, Suffolk County, respectively, from himself (as a surviving tenant by the entirety) to himself and his son, the defendant Anthony Bumbaca, as a result, *inter alia,* of duress and undue influence. The action was transferred to the Surrogate's Court after the death of Natale Bumbaca, and after his son Salvatore Bumbaca was appointed administrator *c. t. a.* of his estate. The Surrogate, after a non-jury trial, concluded that the deed conveying 10 East Oakdale Street should be set aside, but that the estate of Natale Bumbaca was not entitled to an accounting for rental income received by Anthony Bumbaca for the property for which the deed was set aside. The Surrogate also dismissed that portion of the complaint which sought to set aside the deed conveying ownership of 8 East Oakdale Street.

We find, as the Surrogate did, that a confidential relationship existed between the decedent Natale Bumbaca and his son Anthony *(see, Matter of Gordon v Bialystoker Center & Bikur Cholim,* 45 NY2d 692, 698). As a result, the Surrogate also properly held that in view of that relationship the burden shifted to Anthony to establish that the conveyance of the properties to him as a joint tenant with Natale was not the result of duress or undue influence *(see, Matter of Gordon v Bialystoker Center & Bikur Cholim, supra,* at 699; *Laurenzano v Laurenzano,* 156 AD2d 430). We note that those issues are to be determined by the trier of fact *(see, Matter of Kurtz,* 144 AD2d 468; *Matter of Burke,* 82 AD2d 260).

In this case, the record supports the Surrogate's conclusion that Anthony met his burden with respect to the deed conveying ownership of 8 East Oakdale Street. Similarly, the record also supports the Surrogate's conclusion that Anthony failed to sustain his burden with respect to the deed purporting to

convey ownership of 10 East Oakdale Street and that deed should be set aside.

The Surrogate improperly determined that Natale Bumbaca's estate is not entitled to an accounting for rental income received by Anthony from 10 East Oakdale Street. As stated above, a fiduciary relationship, which is necessary for an accounting, existed between Anthony and the decedent *(see, Grossman v Laurence Handprints-N.J.,* 90 AD2d 95, 104). As the owner of 10 East Oakdale Street, the decedent's estate is entitled to an accounting for any rents and profits derived from the property's rental *(see, Stepakoff v Stepakoff,* 96 AD2d 1097, 1098). Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.