■ MADELINE R. CORBETT, Respondent, v BERNARD RUSSO et al., Defendants, and S&W DODGE, Appellant and Third-Party Plaintiff-Appellant. CHRYSLER CORPORATION, Third-Party Defendant-Respondent. [603 NYS2d 449] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 22, 1992, which granted third-party defendant Chrysler Corporation's cross-motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

The amended complaint in the main action alleges that plaintiff was injured twice, first on the date of the automobile accident, and again, three months later, when the rear door of the automobile fell against her. Plaintiff alleges that the door did not stay open as the result of the faulty work of defendant Pete's Complete Auto Collision, which repaired the plaintiff's vehicle pursuant to an arrangement with defendant and third-party plaintiff S&W Dodge. S&W's third-party complaint alleges that plaintiff's second injury was caused by the faulty design or manufacture of the rear door of plaintiff's automobile.

S&W Dodge failed to satisfy its burden of demonstrating the existence of a triable issue of fact, the affidavit of its service manager expressing no more than the " 'mere hope' " that evidence of Chrysler's faulty design or manufacture exists *(Frierson v Concourse Plaza Assocs.,* 189 AD2d 609, 610). That hope is insufficient to defeat Chrysler's motion. Concur—Sullivan, J. P., Ellerin, Rubin and Nardelli, JJ.