■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v AMERFORD INTERNATIONAL CORPORATION, Respondent. [606 NYS2d 229] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about August 11, 1993, which granted the defendant's motion pursuant to CPLR 3212 for partial summary judgment, unanimously reversed, on the law, with costs.

The defendant was hired by plaintiff's subrogor, Spectra-Physics, Inc., to transport laser equipment from California to New York via domestic air carriage. The parties agree that the equipment arrived safely in New York; however the consignee refused the shipment. Spectra-Physics, Inc. hired the defendant to return the equipment to California, again via domestic air carriage. Defendant does not dispute that the equipment somehow became lost in transit, and was found to have been sent to Valparaiso, Chile on the cargo ship *Copiapo*. The equipment was then sent via international air carriage from Valparaiso, Chile to California. When the equipment arrived in California, over two months after it was initially shipped from New York, it was severely damaged.

Defendant on its motion for summary judgment requested an order limiting its liability, pursuant to the limitation of

liability provision of its air waybill, to $0.50 per pound. Defendant contended that this provision controlled because the insured had not declared a greater value for the laser equipment at the time of shipping in the space provided on the air waybill. It was also maintained that rules numbered 40, 45, 55 and 80 of defendant's applicable tariffs also explicitly limit liability to the greater of the declared value or $0.50 per pound. Consequently, defendant maintains that its total liability in this matter is $504.00, while the plaintiff-subrogee places the value of the loss at $83,600.00.

It is a well settled rule that summary judgment should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231) or where the existence of an issue is arguable (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Upon our review of the record we find that triable issues exist which preclude summary judgment at this time. For example, while it is clear from the facts established so far that the defendant breached the shipping agreement between the parties, the extent of the breach as well as the extent of defendant's responsibility therefor cannot be determined from the record as it now exists. Nor can we determine at this premature time if defendant's breach may have been so egregious as to entirely void the contract. Consequently, the issue of whether or not the limitation of liability provision applies cannot be determined either.

Furthermore, the record lacks evidence, such as the shipping documents pursuant to which the equipment was actually shipped to Chile, needed to resolve the issues concerning how the equipment went out of defendant's possession and who was responsible for shipping the equipment by sea to Chile. Such evidence would also help resolve the question of how and where the damage to the equipment was sustained. Those documents are apparently in the exclusive control of the defendant and their absence provides an additional ground for denying summary judgment (CPLR 3212 [f]; *Simpson v Term Indus.*, 126 AD2d 484, 486). The absence of that evidence also supports the plaintiff's contention that discovery was incomplete at the time of defendant's motion for partial summary judgment. Defendant's contention, that the failure to complete discovery is attributable solely to the plaintiff, is unpersuasive in view of defendant's partial response to plaintiff's discovery requests and failure to pursue its own discovery requests made of plaintiff. Moreover, it is not disputed that examinations before trial of defendant, while noticed, have

not yet been conducted. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.