■ VICTOR HERNANDEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [620 NYS2d 40] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about June 22, 1993, which granted the motion of defendant New York City Transit Authority for summary judgment, dismissing the complaint, and denied plaintiff's cross-motion to compel compliance with discovery requests, unanimously reversed, on the law, without costs, and the complaint reinstated.

Defendant Transit Authority was not entitled to summary judgment where it failed to meet its burden of coming forward with admissible evidence demonstrating prima facie that the cause of action had no merit (Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to the IAS Court's assessment, the evidence given by the Transit Authority employees, based upon unsubmitted, unidentified Transit Authority records rather than personal knowledge, was legally insufficient (CPLR 3212 [b]; see also, Republic Natl. Bank v Luis Winston, Inc., 107 AD2d 581, 582; Mack v Gregory Mem. Hosp., 90 AD2d 969) and tended to skirt the issues. This being the case, the burden on the motion never shifted to plaintiff to prove that a triable issue of fact existed (Zuckerman v City of New York, supra, at 560). Nevertheless, the plaintiff's affidavit and his attorney's affirmation, to the extent they were based on personal knowledge and admissible, were legally sufficient to establish the existence of triable issues of fact.

The plaintiff's cross-motion to compel compliance with outstanding discovery requests was properly denied, and at any rate was an insufficient basis for denial of summary judgment. Since the moving papers did not include the discovery demands to which the Transit Authority allegedly did not respond, it was sheer speculation that compliance would have revealed evidence sufficient to justify denial of summary judgment (see, Corbett v Russo, 198 AD2d 46; Jones v Gameray, 153 AD2d 550, 551). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.