■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent-Appellant, v CAROLYN MARANGI, Also Known as CAROLYN M. PASSANTINO, Appellant-Respondent. [625 NYS2d 535] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered November 19, 1993, as amended *nunc pro tunc* by a judgment of Supreme Court, New York County (Walter Schackman, J.), entered January 3, 1995,

which granted plaintiff's motion for summary judgment and awarded it the total sum of $46,266.31, inclusive of $7,500 in attorneys' fees, unanimously affirmed, without costs.

This is an action to recover on a promissory note and on an indemnification and pledge agreement entered into by defendant in connection with her purchase of an interest in a real estate limited partnership. While the IAS Court correctly determined that, since defendant had failed to set forth triable issues with respect to her affirmative defense of fraud, it was unnecessary for plaintiff to attain holder in due course status to bar such defense (see, DH Cattle Holdings Co. v Smith, 195 AD2d 202, 207-208), we note that plaintiff was indeed a holder in due course and that such defense would have been barred in any event. Moreover, defendant's "unsubstantiated claim of some unspecified information received from some unidentified attorneys" was insufficient for the purpose of attributing the broker's allegedly fraudulent misrepresentations to plaintiff, which was not a party to the investment transaction.

Defendant's claimed need for further disclosure was not a reason to forestall summary judgment, inasmuch as she failed to include any of her discovery notices in the record on appeal, failed to take advantage of the opportunity to conduct an examination before trial despite plaintiff's availability and failed to object or seek affirmative relief in the face of plaintiff's limited document production (cf., American Home Assur. Co. v Amerford Intl. Corp., 200 AD2d 472). Thus, the disclosure claimed to be necessary represents a " ' "mere hope" ' " or expectation (Corbett v Russo, 198 AD2d 46).

Here, although the attorneys' fee request is documented by time records, the amount sought exceeds the principal amount of the underlying claim. While this does not present an absolute bar to recovery (see, Matter of Simmons [Government Empls. Ins. Co.], 59 AD2d 468, 472-473; Diamond D Enters. USA v Steinsvaag, 979 F2d 14, 20, cert denied — US —, 113 S Ct 2442), the exceptions are not implicated in this simple action involving no subtle or complex questions or transcending principles, and the action is clearly of a type regularly pursued by plaintiff's law firm. Upon our own review (see, Jordan v Freeman, 40 AD2d 656) we find no abuse of discretion in the award of attorneys' fees.

We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.