■ MICHELE ATKINSON, Formerly Known as MICHELE MORAN, Respondent, v DENIS E. McHUGH, Appellant. [671 NYS2d 684] —In an action to set aside a deed, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Sweeny, J.), dated April 4, 1997, which denied his motion to vacate an oral determination of the court to award the plaintiff counsel fees, (2) a decision of the same court, also dated April 4, 1997, and (3) a judgment of the same court, entered April 15, 1997, which, *inter alia,* set aside the deed purporting to convey ownership of certain property to the defendant and awarded the plaintiff the principal sum of $19,000 in counsel fees.

Ordered that the appeal from the decision dated April 4, 1997, is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated April 4, 1997, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

We agree with the trial court's finding that, in light of the confidential relationship between the parties, the appellant failed to meet his burden of proving by clear and convincing evidence that his mother's conveyance of her home to him was not the product of fraud or undue influence (*see, JML Investors*

*Corp. v Hilton,* 231 AD2d 493; *Loiacono v Loiacono,* 187 AD2d 414).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.