■ NIKKI HENKIN, Appellant, v FAST TIMES TAXI, INC., et al., Respondents. [763 NYS2d 297] —Order and judgment (one paper), Supreme Court, New York County (Milton Tingling, J.), entered March 7, 2002, which granted the motion and cross motion of defendants for summary judgment and dismissed the complaint in its entirety, unanimously affirmed, without costs.

This is a personal injury action in which plaintiff Nikki Henkin was allegedly injured when a taxi in which she was riding was hit in the rear by a truck at the intersection of 42nd Street and Vanderbilt Avenue in New York, New York. The taxi was owned by defendant Fast Times Taxi, Inc. (Fast Times) and was operated by defendant Carlos DelGado. The truck which struck the taxi was owned by defendant Marriott International, Inc. (Marriott).

After the exchange of discovery, Marriott moved, and Fast Times and DelGado cross-moved, for summary judgment on the ground that plaintiff did not satisfy the serious injury threshold delineated in Insurance Law § 5102 (d). The motion court granted both motions and held that plaintiff failed to submit a medical affidavit documenting her injuries but, instead, "fatally relie[d] on the defendant's [sic] medical examination report which clearly states there is no evidence of a neurological disability." We agree.

In this matter, the initial burden rests with defendants to make a prima facie showing that plaintiff did not sustain a serious injury within the parameters of Insurance Law § 5102 (d) (Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Sanchez v Romano, 292 AD2d 202 [2002]). If defendants are successful in their endeavor, the burden then shifts to plaintiff to submit proof, in admissible form, establishing that there are triable issues of fact as to the existence of such an injury (Grasso v Angerami, 79 NY2d 813, 814-815 [1991]; Charlton v Almaraz, 278 AD2d 145, 146 [2000]; McLoyrd v Pennypacker, 178 AD2d 227, 228 [1991], lv denied 79 NY2d 754 [1992]).

Defendants herein, in support of their motions, rely on the duly sworn affirmation of Dr. Diego Herbstein. Dr. Herbstein's report, dated June 28, 2001, relies on an examination of plaintiff, conducted in the presence of her attorney, and a review of her past medical history and medical records and concludes, inter alia, that there is no evidence of neurological disability. In opposition, plaintiff relies only on an attorney's affirmation accompanied by unaffirmed, unsworn and some-

times unsigned reports which are insufficient to raise an issue of fact (*Charlton v Almaraz, supra* at 146; *McLoyrd v Penny-packer, supra* at 228; *Zoldas v Louise Cab Corp.*, 108 AD2d 378 [1985]). Thus, plaintiff has failed to shoulder her burden and the complaint was properly dismissed. Concur—Nardelli, J.P., Mazzarelli, Friedman and Marlow, JJ.