■ Leonora Moran, Appellant, v Regency Savings Bank, F.S.B., et al., Respondents, et al., Defendant. [799 NYS2d 29]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered July 15, 2003, which granted the motion of defendant Rosenfeld, Bernstein & Tannenhauser for summary judgment dismissing the complaint against it and imposing a sanction of $1,000 and awarding costs against plaintiff, denied

plaintiff's cross motion for a default judgment against defendants Regency Savings Bank and Long Island City Associates, and compelled acceptance of their answers; and order, same court and Justice, entered September 16, 2003, which granted the motion of defendant Elmar Associates for summary judgment dismissing the complaint against it, unanimously affirmed, with costs. An additional $500 sanction is imposed on plaintiff's attorney, Barry Siskin, for frivolous conduct in prosecuting this appeal, payable to the Lawyers' Fund for Client Protection, and the matter remanded to Supreme Court for determination of the amount of reasonable attorneys' fees incurred in responding to this appeal, which amount should be payable by attorney Siskin to defendants-respondents, and for entry of appropriate judgment pursuant to Rules of the Chief Administrator (22 NYCRR) § 130-1.2.

In response to the prima facie showings that both the Rosenfeld firm and Elmar Associates were out-of-possession mortgage holders who neither maintained nor controlled the premises where plaintiff's alleged accident occurred, and were therefore not responsible (see Bowles v City of New York, 154 AD2d 324 [1989]; see also Bonifacio v 910-930 S. Blvd. LLC, 295 AD2d 86, 89-90 [2002]), plaintiff failed to raise any triable issue of fact. Her claimed need for discovery, unsupported by notices, preliminary conference orders, letters requesting information or abstract searches by her attorney, was an ineffectual "mere hope," insufficient to forestall summary judgment (see National Union Fire Ins. Co. v Marangi, 214 AD2d 469, 470 [1995]).

The court properly exercised its discretion in denying plaintiff's motion for a default judgment and permitting service of the answers of defendants Regency and Long Island City Associates, in light of the short delay in answering and absent any showing of prejudice to plaintiff. We note that the answer was served only days after plaintiff voluntarily redelivered the complaint to these defendants' counsel, and that under the circumstances an affidavit of merit was not necessary (see DeMarco v Wyndham Intl., 299 AD2d 209 [2002]).

The motion court's award of costs and sanction was a proper exercise of discretion in light of plaintiff's counsel's unjustifiable and consistent refusal to discontinue the action against the Rosenfeld firm in the face of unrebutted documentary evidence showing that another party was the owner of the premises, coupled with counsel's unreasonable insistence on tying such discontinuance to the obtaining of an admission of ownership and control from an unrelated defendant. Our imposition of

costs and an additional sanction is warranted by the minimal appellate briefs submitted by plaintiff's attorney, containing sparse legal discussion as to why the summary judgment rulings were erroneous, incorrect characterization of plaintiff's cross motion as one to vacate a default judgment when in fact no judgment had been entered, infrequent citation to the record, and no citation to relevant case law. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.