■ VIVIA MULLINGS, Respondent, v JEREMY M. HUNTWORK, Appellant. [810 NYS2d 443]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered November 30, 2004, which denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" as defined in Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is

directed to enter judgment in favor of defendant dismissing the complaint.

On August 13, 2001, plaintiff was seated in her 1991 Mazda 323 while parked at Omni Health & Fitness in Pelham Manor, New York. Her vehicle was struck from behind by defendant while backing his 1990 Pontiac Grand Am out of a parking spot at about five miles an hour. After several minutes, plaintiff left her vehicle, spoke to defendant and went inside the gym, where she sat on a bench for half an hour before leaving for home. Her vehicle sustained no damage. Plaintiff, who was retired at the time of the accident, first sought medical treatment the following morning from her personal physician. Several days later, she began physical therapy, which continued until May 2002, when she began receiving acupuncture. Subsequently, back surgery was recommended. At her examination before trial, held in March 2003, plaintiff complained of difficulty walking due to pain in the lower back and hips.

In support of his motion for summary judgment, defendant submitted the report of an x-ray taken two days after the accident. The radiologist found "[n]o evidence of acute bony injury and no change since 8/5/98." The earlier x-ray report indicated "[d]egenerative arthritic changes" of the cervical spine. Also submitted was the report of a physical examination conducted at defendant's request by a neurologist, who diagnosed plaintiff's condition as cervical and thoraco-lumbar strain/sprain and concluded that her "spinal condition requires no further physiatric treatment and/or therapy." An examination conducted by defendant's orthopedic surgeon confirmed preexisting degenerative arthritic changes of the cervical and thoracic spine, finding no objective evidence of neck or back injury of any significance as a result of the accident. A radiologist who reviewed the x-ray of the thoracic spine taken in 2001, MRI studies of the cervical and lumbar spine conducted in 2001 and a CT scan of the thoracic spine concluded, "All of the studies demonstrate extensive chronic degenerative change."

In opposition, plaintiff submitted the July 2004 report of Albert Graziosa, M.D., an orthopedic surgeon who saw her in August and September 2001. Based upon a review of medical records from the six-month period following the accident, the doctor noted disc bulging and herniations in the cervical and lumbar regions. He opined that plaintiff's injuries were "serious" and that they were the direct result of the collision, not chronic or degenerative in nature.

Defendant has made out his prima facie entitlement to summary judgment, relying on diagnostic imaging and reports by

plaintiff's treating physicians to establish that her injuries are not causally related to the accident and, thus, do not satisfy the serious injury threshold of Insurance Law § 5102 (d) (*Franchini v Palmieri*, 1 NY3d 536 [2003]). Plaintiff failed to satisfy her evidentiary burden to submit, in opposition to the motion, "objective medical proof of a serious injury causally related to the accident in order to survive summary dismissal" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Defendant furnished ample proof establishing preexisting arthritic degenerative changes to plaintiff's spine that account for her discomfort and restricted mobility. In opposition, plaintiff submitted only a report based on a review of medical records from the months following the accident, not on a contemporaneous physical examination (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002] [medical expert's qualitative assessment must have objective basis and compare plaintiff's limitations to normal function]). The report does not address the "[d]egenerative arthritic changes" noted in the x-ray report from August 1998 but states, in conclusory fashion, that plaintiff's condition is attributable to the accident, without any attempt to demonstrate how herniation of intervertebral discs might have been caused by such a minor collision (*see Pommells*, 4 NY3d at 574). Thus, the report fails to raise a triable issue of fact as to causation (*see Shaw v Looking Glass Assoc., LP*, 8 AD3d 100 [2004] [failure to address preexisting chronic degenerative disc disease and its impact upon diagnosis]).

In addition, plaintiff's expert fails to explain the gap in treatment following the cessation of physical therapy in May 2002. Since Dr. Graziosa last saw plaintiff some eight months prior to this time, his suggestion that she had reached maximum medical improvement is purely speculative. Nor has plaintiff submitted an affidavit to explain why she continued to receive acupuncture treatments and consulted with a back surgeon throughout the remainder of 2002 or why she decided to forgo recommended surgery (*see Pommells*, 4 NY3d at 574). Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ.