(September 28, 2006)

■ DOREEN M. NAVEDO et al., Appellants, v FRANK L. JAIME, Defendant, and RAJINDER SINGH et al., Respondents. [822 NYS2d 43]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered April 4, 2005, which granted the summary judgment motion of defendants Rajinder Singh and Emmanuel O. Mills and dismissed the complaint as against them, unanimously affirmed, without costs.

On September 2, 2002, plaintiffs were passengers in a taxicab owned by defendant Singh and operated by defendant Mills, when it was involved in a collision with an automobile owned and operated by defendant Jaime, who has not appeared in answer to the complaint. Following the collision, plaintiffs proceeded to their apartment building in the same taxi. Plaintiff Raul Rodriguez was able to immediately resume employment as a maintenance worker at Columbia University. Plaintiff Doreen Navedo, who was unemployed at the time of the accident, alleges that she was confined to her home for two to three weeks.

The day after the accident, plaintiffs sought treatment at Zerega Chiropractic P.C. and were referred to Bridge Medical P.C., where they were seen several days later. Navedo was diagnosed with cervical, lumbar and bilateral shoulder sprains and strains. Rodriguez was found to have cervical, thoracic, lumbar, left shoulder, bilateral knee and bilateral leg sprains and strains. MRI studies revealed that each plaintiff had bulging or herniated cervical and lumbar discs, abnormalities in lordosis and radiculopathy. Both plaintiffs received physical therapy, acupuncture and chiropractic treatment. Rodriguez was last treated on November 21, 2002 and Navedo on January 3, 2003.

This action was commenced in November 2002, and defendants Singh and Mills moved for summary judgment dismissing the complaint in mid-September 2004. In support of their motion, defendants submitted the affirmed report of Marianna Golden, M.D., who found that plaintiffs had a full range of motion, exhibited no sensory or motor deficits and proved negative on Romberg, Patrick and Kernig tests. It was the doctor's

opinion that neurological examination was objectively normal and that plaintiffs' various sprains and strains had resolved. In conclusion, Dr. Golden stated that plaintiffs were capable of performing all activities of daily living, finding no objective evidence of any disability or permanency and no need for further diagnostic testing.

In opposition, plaintiffs submitted affirmed medical reports from Hal Gutstein, M.D., a board certified neurologist who examined them on October 1, 2004. The doctor also reviewed their treatment and diagnostic histories, including an affirmed medical report from Gabriel L. Dassa, D.O., an orthopedic surgeon who had evaluated plaintiffs on October 24, 2002, and unsworn cervical and lumbosacral MRI reports. Dr. Gutstein found that Navedo suffered from lumbar radiculopathy secondary to an L4-L5 bulging disc and cervical spine radiculopathy secondary to a C5-C6 disc herniation. He found that Rodriguez had lumbar radiculopathy secondary to an L5-S1 herniation and cervical spine radiculopathy secondary to a C5-C6 herniation. In each instance, the report gives the cause of the respective impairments as the accident of September 2, 2002.

Supreme Court found that the report from Dr. Golden established that neither plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d) and demonstrated defendants' prima facie entitlement to summary judgment. The court held that plaintiffs had failed to submit admissible opposing evidence sufficient to raise a question of fact with respect to serious injury. Relying on this Court's decision in *Henkin v Fast Times Taxi* (307 AD2d 814 [2003]), the court reasoned that unsworn MRI reports by a physician, unaccompanied by the physician's affirmation, lack probative value.

We agree that defendants established their prima facie entitlement to summary dismissal by submitting the report from Dr. Golden and that plaintiffs' opposing submissions were insufficient to withstand defendants' dismissal motion (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]). However, we reach our conclusion by way of a different analysis.

In *Henkin* (307 AD2d at 814-815), the plaintiff submitted only "an attorney's affirmation accompanied by unaffirmed, unsworn and sometimes unsigned reports which are insufficient to raise an issue of fact." Contrary to Supreme Court's interpretation, *Henkin* does not go so far as to state that the affirmed report of a physician may not be based on other, unsworn reports (*cf. Rosario v Universal Truck & Trailer Serv.*, 7 AD3d 306, 309 [2004]). Because reference was made to the results of the unsworn reports in the affirmations of Dr. Gutstein, submit-

ted in opposition to the motion, they were properly before the court (*see Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]; *Ayzen v Melendez*, 299 AD2d 381 [2002]).

However, Dr. Gutstein's reports are deficient for their failure to offer any explanation for the cessation of plaintiffs' treatment. They received only a few months of physical therapy, acupuncture and chiropractic care, and neither plaintiffs nor their medical expert have provided any explanation for their failure to pursue treatment beyond the end of the year (*see Pommells*, 4 NY3d at 574). Nor have plaintiffs provided proof to establish that the bulging or herniated discs noted in the MRI reports were caused by the accident. As stated in *Pommells*, "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*id.*). We note that Dr. Gutstein's examination was conducted only after defendants moved to dismiss the complaint, and his reports state only that "the proximate cause of the patient's symptoms, signs, and physical impairments would be the accident of 9 24 2002." In the absence of any objective medical basis for these conclusions, the reports fail to causally relate plaintiffs' orthopedic deficits to the accident (*Franchini v Palmieri*, 1 NY3d 536, 537 [2003]), offering no explanation for how such serious abnormalities as bulging and herniated cervical and lumbar discs were produced by a minor collision (*see Mullings v Huntwork*, 26 AD3d 214, 216 [2006]). As this Court has observed, "conclusory assertions tailored to meet statutory requirements . . . are insufficient to rebut defendants' prima facie showing" (*Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.