■ ONE BEACON INSURANCE COMPANY, as Subrogee of Dooney & Bourke, Inc., Appellant, v FRENCH INSTITUTE ALLIANCE FRANCAIS NYC, Respondent, et al., Defendants. [858 NYS2d 91]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 10, 2007, which granted the motion of defendant French Institute Alliance Francais NYC (FIAF) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated against FIAF. Appeal from order, same court and Justice, entered April 24, 2007, which denied so much of plaintiff's motion insofar as it sought to renew, and granted its motion insofar as it sought to reargue, and upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic in view of the foregoing.

Dooney & Bourke was a tenant in a building owned by FIAF, which also occupied the upstairs premises, and its lease provided for a waiver of subrogation with respect to claims alleging damages to its premises. In January 2005 water was discharged from FIAF's premises into Dooney & Bourke's, resulting in damage. Plaintiff, Dooney & Bourke's insurer, reimbursed it for the loss, and commenced this subrogation action against FIAF, alleging that, as "an occupier" of the premises, it had been negligent in maintaining the heating and sprinkler systems and in supervising the contractors working in its space.

We disagree with the motion court's determination that the waiver of subrogation clause in the lease barred plaintiff's claim on the basis that the allegations of negligence emanated from the landlord-tenant relationship. Instead, we find that the record establishes that there are triable issues of fact with respect to whether the cause of Dooney & Bourke's loss arose from a condition in FIAF's premises, or from a building-wide condition for which FIAF was responsible in its capacity as landlord (*see Interested Underwriters at Lloyds v Ducor's, Inc.*, 103 AD2d 76 [1984], *affd* 65 NY2d 647 [1985]). The motion court inappropriately determined the factual issue on the record then before it, i.e., that the source of the problem was the building-wide heating system, and not the thermostat in the premises occupied by FIAF. Furthermore, plaintiff had expeditiously sought discovery on the issue, and its claimed need for such discovery to oppose the motion was genuine (*cf. Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]). Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ. [*See* 14 Misc 3d 1213(A), 2007 NY Slip Op 50009(U).]