■ LILLIAN PRESHAZ, Also Known as ROMA PRESHAZ, Respondent, v EUGENE PRZYZIAZNIUK, Appellant. [858 NYS2d 290]—

In an action, inter alia, to cancel a deed and set aside a conveyance of real property, the defendant appeals, as limited by his brief and a letter dated January 9, 2008, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered September 7, 2007, as denied those branches of his motion which were for summary judgment dismissing the first and second causes of action and on the first, second, fourth, and sixth counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly denied those branches of his motion which were for summary judgment dismissing the first and second causes of action to set aside the conveyance based upon the grantor's incompetence and undue influence. "As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction

at the time of the conveyance as a result of his or her mental disability" (*Buckley v Ritchie Knop, Inc.,* 40 AD3d 794, 795 [2007]; *see also Crawn v Sayah,* 31 AD3d 367, 368 [2006]; *Whitehead v Town House Equities, Ltd.,* 8 AD3d 367, 369 [2004]).

In the instant case, the defendant established, prima facie, his entitlement to judgment as a matter of law based upon the presumption of the grantor's competence and by submitting the affirmation of the attorney who prepared the deed and witnessed its execution with a certificate of acknowledgment, establishing that the deed was properly executed (*see* CPLR 4538). In opposition, however, the plaintiff raised a triable issue of fact as to the grantor's incapacity by submitting a certified medical record, together with her deposition testimony and an affidavit containing her firsthand observations of the grantor's confusion and lack of judgment due to Alzheimer's disease during the relevant time period (*see Buckley v Ritchie Knop, Inc.,* 40 AD3d at 795; *cf. Crawn v Sayah,* 31 AD3d 367, 368 [2006]). Moreover, given the family relationship between the defendant and the grantor, upon the record presented, the plaintiff's submissions raised triable issues of fact as to whether the defendant, as beneficiary of the transaction, procured the transaction through undue influence (*see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 698 [1978]; *Atkinson v McHugh,* 250 AD2d 560 [1998]; *Matter of Bumbaca,* 182 AD2d 756, 757 [1992]).

In light of the Supreme Court's proper denial of those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action, those branches of the defendant's motion which were for summary judgment on his first, second, fourth, and sixth counterclaims, which required a finding of his lawful ownership of the property, were also properly denied.

The defendant's remaining contentions are without merit. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.