■ ARI KRAMER, as Executor of VIRGINIA CASEY BUSH, Deceased, and as Administrator d.b.n. of the Estate of IRVING T. BUSH, Deceased, Appellant, v IOANNIS DANALIS, Respondent. [879 NYS2d 430]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 2, 2008, which granted defendant's motion for partial summary judgment dismissing the second amended complaint, except for the cause of action for an accounting, and on his first counterclaim declaring that a 2002 agreement between himself and Irving T. Bush is valid, and denied plaintiff's application for distributions, unanimously affirmed, without costs.

In opposition to defendant's showing that Bush, an elderly real estate investor and attorney, was competent and unaffected by undue influence when he and defendant executed the 2002 agreement, plaintiff failed to raise an issue of fact as to the existence of a fiduciary or confidential relationship between Bush and defendant and failed to carry his burden to demonstrate that the subject transaction was the product of undue influence (*see Sepulveda v Aviles*, 308 AD2d 1, 7-8 [2003]). In the face of affidavits and testimony from lay observers regarding Bush's continued independence as late as 2003 and from the attorney who negotiated, drafted and witnessed the execution of the 2002 agreement, plaintiff failed to submit contrary evidence of Bush's condition at the time (*see Preshaz v Przyziazniuk*, 51 AD3d 752 [2008]; *Matter of Camac*, 300 AD2d 11 [2002]). In addition, plaintiff's purported medical evidence, unsworn and, in one instance, unsigned, and apparently reflecting no more than a

request by Bush's wife that he be examined rather than a conclusion by a physician, was inadmissible and therefore insufficient to defeat summary judgment (see *Henkin v Fast Times Taxi*, 307 AD2d 814 [2003]). The other evidence submitted by plaintiff on this issue was insufficiently probative. Plaintiff's claimed need for discovery was "an ineffectual mere hope, insufficient to forestall summary judgment," particularly in light of his failure to seek the deposition testimony of the attorney-drafter of whose identity and role he had long been aware (see *Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.