Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 2, 2008, which granted defendant’s motion for partial summary judgment dismissing the second amended complaint except for the cause of action for an accounting and on his first counterclaim for a declaration that a 2002 agreement between himself and Irving T. Bush is valid, and denied plaintiffs application for distributions, unanimously modified, on the law, to deny defendant summary judgment dismissing the first, third, fourth, seventh and eighth causes of action in plaintiffs complaint, those claims reinstated to the extent they relate to matters other than the parties’ respective ownership interests in the various properties at issue, and otherwise affirmed, without costs.
In opposition to defendant’s showing that Irving T. Bush, an *540 elderly real estate investor and attorney, was competent and unaffected by undue influence when he and defendant executed the 2002 agreement, plaintiff failed to raise an issue of fact as to the existence of a fiduciary or confidential relationship between Bush and defendant and failed to carry his burden to demonstrate that the subject transaction was the product of undue influence (see Sepulveda v Aviles, 308 AD2d 1, 7-8 [2003]). In the face of affidavits and testimony from lay observers regarding Bush’s continued independence as late as 2003 and from the attorney who negotiated, drafted and witnessed the execution of the 2002 agreement, plaintiff failed to submit contrary evidence of Bush’s condition at the time (see Preshaz v Przyziazniuk, 51 AD3d 752 [2008]; Matter of Camac, 300 AD2d 11 [2002]). In addition, plaintiffs purported medical evidence, unsworn and, in one instance, unsigned, and apparently reflecting no more than a request by Bush’s wife that he be examined rather than a conclusion by a physician, was inadmissible and therefore insufficient to defeat summary judgment (see Henkin v Fast Times Taxi, 307 AD2d 814 [2003]). The other evidence submitted by plaintiff on this issue was insufficiently probative. Plaintiffs claimed need for discovery was “an ineffectual mere hope, insufficient to forestall summary judgment,” particularly in light of his failure to seek the deposition testimony of the attorney-drafter of whose identity and role he had long been aware (see Moran v Regency Sav. Bank, F.S.B., 20 AD3d 305, 306 [2005]).
To the extent that defendant sought summary judgment dismissing plaintiffs claims (except the cause of action for an accounting), the relief sought was expressly limited to the issue of the parties’ respective interests in the various properties. Indeed, defendant failed to submit any evidence addressing the allegations in the complaint asserting that, even assuming the validity of the various agreements between the parties, defendant engaged in wrongful self-dealing. Accordingly, the first, third, fourth, seventh and eighth causes of action should not have been dismissed to the extent they relate to matters other than the parties’ respective ownership interests in the various properties at issue, as those claims are viable in light of those allegations. .
We have considered plaintiff’s other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.