Carey v Standard Sec. Life Ins. Co. of N.Y. (2019 NY Slip Op 03736)





Carey v Standard Sec. Life Ins. Co. of N.Y.


2019 NY Slip Op 03736


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


652852/16 9306A 9306

[*1] James M. Carey, Plaintiff-Appellant,
v
Standard Security Life Insurance Company of New York, Defendant-Respondent, McNeil & Company, Inc., Defendant.


Riemer & Associates, LLC, New York (Scott M. Riemer of counsel), for appellant.
Clyde & Co US LLP, New York (Nicholas L. Magali of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 24, 2018, which, inter alia, granted the motion of defendant Standard Security Life Insurance Company (Standard Security) for summary judgment dismissing the complaint, and order, same court and Justice, entered August 22, 2018, which, insofar as appealed from, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
Standard Security established its entitlement to summary judgment through the affirmed report of its orthopedist, who opined that plaintiff was capable of working, and also plaintiff's admission in his 2013 commercial drivers license application that he had no physical impairments or abnormalities, including any impairment of the leg, which would prevent him from performing a job as a commercial truck driver (see Vila v Foxglove Taxi Corp., 159 AD3d 431 [1st Dept 2018]). Plaintiff submitted no sworn medical or expert evidence in opposition to Standard Security's motion (see Henkin v Fast Times Taxi, 307 AD2d 814 [1st Dept 2003]), and his 2018 affidavits were insufficient to overcome his 2017 testimony that he hurt his back in 2007 and 2008 while working for his employer, and his 2014 affidavit in support of his insurance appeal, in which he stated that he was disabled due to back injuries (see Vila at 431). Even if we were to consider plaintiff's evidence, plaintiff does not establish issues of fact as to whether his alleged disability was related to his left knee injury sustained while engaged in volunteer work for his local fire department, as defined by the Standard Security insurance policy.
Although a motion for renewal may be granted where the failure to submit an affidavit was inadvertent and absent any showing by defendants of prejudice attributable to the short delay caused by such failure (see Ramos v Dekhtyar, 301 AD2d 428, 429 [1st Dept 2003]), plaintiff has not demonstrated that he met
such burden before the motion court. Even if leave to renew had been granted, there exists no basis to disturb the original determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK