■ LEONARD ROSSMAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 42817.) — Appeal from a judgment of the Court of Claims which dismissed claimant's claim for false imprisonment on the merits. On August 16, 1957 appellant, who had been placed on probation following his plea of guilty to the charge of manslaughter in the first degree, had his probation revoked by the County Court, Columbia County for allegedly violating the terms of his probation. After serving nearly six years in prison, appellant filed a petition for a writ of habeas corpus and succeeeded in obtaining a decision that his probation had been improperly revoked. The appellant, thereafter, initiated the instant action claiming false imprisonment from 1957 to 1963 which the Court of Claims dismissed. The dismissal by the Court of Claims was clearly proper. A County Judge is not a State officer within the meaning of the Court of Claims Act (Court of Claims Act, § 9, subd. 2; Public Officers Law, § 2; County Law, § 400; *Fisher* v. *State of New York*, 10 N Y 2d 60; *Corcoran* v. *State of New York*, 30 A D 2d 991, affd. 24 N Y 2d 922; *Jameison* v. *State of New York*, 7 A D 2d 944) for whose torts the State has consented to be held liable. In addition, assuming *arguendo* that he were a State officer, a mere erroneous determination of law or fact by a court which commits an individual to prison is not ground for liability on the part of the State so long as there is jurisdiction over the person and subject matter (*Harty* v.

*State of New York*, 29 A D 2d 243, affd. 27 N Y 2d 698; *Hicks* v. *State of New York*, 22 A D 2d 837) which is clearly the case here (see, CPL 410.10 *et seq.*). Finally, "the State is not liable for errors of a judicial officer on the theory of *respondeat superior* or otherwise" (*Jameison* v. *State of New York, supra*, p. 945; *Koeppe* v. *City of Hudson*, 276 App. Div. 443) and, of course, cannot be liable when prison authorities obeying the order of a court, confine an individual within their walls (*Jameison* v. *State of New York, supra*; *Nastasi* v. *State of New York*, 275 App. Div. 524, affd. 300 N. Y. 473; *Douglas* v. *State of New York*, 269 App. Div. 521, affd. 296 N. Y 530). Appellant's constitutional arguments have no merit, and accordingly the judgment should be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.