■ LORETTA G. WHITE, Appellant, v STATE OF NEW YORK, Respondent.

LORETTA G. WHITE, Appellant, v BERNARD T. WALDRON, Respondent.—Appeals from (1) an order of the Court of Claims, entered January 26, 1978, which denied a motion by claimant for permission to file a late claim, and (2) an order of the Supreme Court at Special Term, entered April 12, 1978 in Schenectady County, which granted summary judgment in favor of the defendant, Bernard T. Waldron. We are concerned with two separate appeals but are considering them together since they arise out of the same incident. On June 18, 1977, appellant was arraigned in Schenectady Police Court on a charge of petit larceny. She was released on her own recognizance. While this charge was still pending, she was arraigned for forgery in the second degree, and remanded to the custody of the County Sheriff. Since she was pregnant and experiencing some difficulty, the County Court Judge released her on her own recognizance. On August 22, 1977, she again appeared in Police Court and, although the Justice was aware of the County Court Judge's release order, he ordered appellant into the custody of the Sheriff on the petit larceny charge. She spent nine days in jail before being released on bail. Appellant commenced an action against the Schenectady County Sheriff for false arrest. Special Term granted summary judgment dismissing the complaint. In the other action, the Court of Claims denied appellant permission to file a late notice of claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. These appeals ensued. As to the Supreme Court action, Police Court had jurisdiction over both appellant and the subject matter. The legal process was valid on its face. The Sheriff, therefore, properly carried out the order of Police Court. The order should be affirmed (*Schildhaus v City of New York,* 7 Misc 2d 859, mod as to damages 10 AD2d 566, affd 8 NY2d 1108). The second order is a discretionary one and we should not disturb it unless there is an abuse of discretion (*Hogan v Franken,* 221 App Div 164; see, also, 11 Carmody-Wait 2d, NY Prac, § 72:131, p 299). Considering the record in its entirety, we are of the view that appellant does not allege a meritorious cause of action. The Police Court Judge of the City of Schenectady is not a State officer within the meaning of the Court of Claims Act (Court of Claims Act, § 9, subd 2; Public Officers Law, § 2). Consequently, the State cannot be held liable for any tortious acts on his part nor can the State be held liable because the Sheriff obeyed a court order and confined appellant to jail (*Rossman v State of New York,* 40 AD2d 1046). Orders affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.