■ ROBERT IOVINELLA, Appellant, v SHERIFF OF SCHENECTADY COUNTY, Respondent, and GENERAL ELECTRIC CREDIT CORPORATION, Appellant.—Appeals from an order of the Supreme Court at Special Term, entered May 4, 1978 in Schenectady County, which dismissed the complaint against the defendant, Sheriff of Schenectady County. On or about August 24, 1976, the defendant, General Electric Credit Corporation, commenced a replevin action against Marcella's Appliances Sales and Services, Inc., to recover certain chattels as the result of the breach of a security agreement entered into on November 27, 1969. The said action was commenced by an order to show cause which contained a temporary restraining order precluding the removal of the chattels from Marcella's Appliances place of business. On September 1, 1976, General Electric Credit Corporation applied to the Supreme Court for a "search warrant" upon an affidavit indicating that certain chattels sought to be recovered had been removed to 139 Gordon Road, Schenectady, New York, and that on August 31, 1976, a portion of the chattels stored at 139 Gordon Road had been removed to a location on Fuller Road in Albany, in violation of the temporary restraining order. Mr. Justice Pennock, holding that there was probable cause to believe that the property was being concealed on the premises at 139 Gordon Road, Schenectady, New York, and in a barn on Fuller Road, Albany, New York, granted the application, and signed a "search warrant" on September 1, 1976, directed to any Sheriff of the State of New York, or any other authorized police officer providing as follows: "You are hereby commanded to search forthwith the place named, and, if the property be found there, to seize it, leaving a copy of this warrant and a receipt for the property taken, and prepare a written inventory of the property seized and return this warrant and bring the property before me within ten days of this date, as required by law." On September 1, 1976, a copy of this "search warrant" was delivered to the Sheriff of Schenectady County and, on the same day, the Sheriff entered upon the premises at 139 Gordon Road, Schenectady, New York, and conducted a search. On or about August 31, 1977, Robert Iovinella, the owner of the premises at 139 Gordon Road, commenced an action against the General Electric Credit Corporation, and the Sheriff of Schenectady County, alleging, in the cause of action against the Sheriff, that on or about the first day of September, 1976, the Sheriff, by his duly authorized agents, servants and/or employees had entered upon the plaintiff's premises known as 139 Gordon Road and into his barn and garage, destroying doors and windows, and searched the land and building without the authority, consent or right of the plaintiff to do so. The Sheriff thereafter moved for a more definite statement of the cause of action alleged against him. Mr. Justice Miner denied the motion upon condition that the cause of action alleged against the Sheriff be deemed to plead a cause of action solely in *trespass quare clausum fregit.* On March 31, 1978, the Sheriff moved, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint against

him on the ground that it failed to state a cause of action, arguing that the Sheriff is not liable for a trespass committed in the execution of judicial process. Special Term determined that CPLR 7102 (subd [d]) provides for a civil search warrant authorizing the Sheriff to break open, enter and search for a chattel in a place where the chattel may be, and granted the motion to dismiss the complaint against the Sheriff for failure to state a cause of action. The plaintiff and General Electric Credit Corporation appeal from the order entered May 4, 1978, dismissing the complaint as against the Sheriff. Under CPLR 7102 (subd [d]), in effect at the time of the search, the court, in a replevin action, is authorized to include a provision in an order of seizure directing the Sheriff to break open, enter and search for the chattels sought to be replevied in the place where the chattels may be. This section has subsequently been amended to provide for breaking, entering and searching at the place specified in the affidavit submitted on the application for the order of seizure. It thus appears that the court has the statutory authority to authorize and order a search for chattels sought to be replevied. The label placed on the document is not controlling. While the document was labeled a "search warrant", a plain reading thereof indicates that it was an order of seizure for chattels, and thus an order authorized by statute. The order being valid on its face, Special Term properly concluded that the order afforded complete protection from liability to a Sheriff for any proper act done in its execution, and dismissed the complaint as against the Sheriff (*White v Waldron,* 67 AD2d 1015; *Pisano v County of Nassau,* 41 Misc 2d 844, affd 21 AD2d 754; see, also, 54 NY Jur, Sheriffs, Constables and Police, §§ 109, 111). Even if the order was void as between the parties, but was valid on its face, the Sheriff is protected from being held liable as a trespasser (*Day v Bach,* 87 NY 56; *Velardi v Consolidated Edison Co. of N. Y.,* 63 Misc 2d 623). Order affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.