(October 10, 1989)

■ 664 WEST 161 STREET TENANTS ASSOCIATION, Respondent, v MANUEL LEAL et al., Appellants.—Order of the Appellate Term of the Supreme Court, First Department, entered on April 18, 1988, affirming two orders of the Civil Court, New York County (Charles Ramos, J.), entered on September 18, 1986 and November 14, 1986, respectively, unanimously modified on the law, the facts and in the exercise of discretion, to deem the appeal to Appellate Term to have been from a subsequent judgment of the Civil Court entered on April 4, 1987, and to direct that that judgment be modified, on the law and the facts, the monetary award contained therein vacated, and the matter remanded to Civil Court for a hearing on the issue of rent abatements and the amount due for unpaid use and occupancy during the pendency of this appeal as required under this court's order entered on September 1, 1988, and to direct that the judgment be otherwise affirmed, without prejudice to an application by the tenants to the Civil Court to vacate that portion of the judgment granting possession to the landlord, based upon the tenants' offer to pay all arrearages as directed in the September 18, 1986 order and the October 17, 1987 order to show cause, with appropriate reductions for abatements, and provided that such application is made within 10 days after entry of this court's order, the warrants of eviction to be stayed for the pendency of the application, and except as so modified, the order of the Appellate Term is affirmed, without costs and without disbursements.

This appeal involves consolidated nonpayment proceedings initially commenced against the six named respondents-appellants, who each occupy an apartment in a 42-unit building located on 161st Street in Manhattan. The building was acquired by the City of New York in an in rem tax foreclosure proceeding. Thereafter, the petitioner, a tenants association, was authorized to manage the building by the Department of Housing Preservation and Development (HPD) under the Ten-

ant Interim Lease Program, with the ultimate goal of offering the units to the tenants as cooperatively owned apartments.

Respondents-appellants have challenged the amounts of the rents set by the Department of Housing Preservation and Development, as well as the management practices of the tenants association, and the goal of converting the building to low-income cooperative ownership. Appellants have all asserted breach of the implied warranty of habitability as a defense in the nonpayment proceedings.

The parties entered into two successive stipulations, dated November 12, 1985 and December 18, 1985, in an attempt to schedule repairs to individual apartments and common areas, provide for release of amounts held in escrow representing withheld rent payments, and resolve other disputed issues with representatives of HPD. Both stipulations listed specific repairs in apartments occupied by appellants, and contained a schedule for release of escrowed funds upon completion of such repairs.

On April 29, 1986, the petitioner-respondent moved to restore the proceedings to the Trial Calendar. The moving affirmation of petitioner's attorney states that petitioner is financially unable to perform the repairs and that respondents were withholding a total of $38,372.50, which funds were needed by petitioner to make the repairs. The respondent-appellant tenants cross-moved to compel petitioner to comply with the terms of the stipulation dated December 18, 1985, and perform the repairs.

Civil Court, in a hearing on the motion held on July 8, 1986, attempted to break the impasse between the tenants association and the dissident tenants, and to address the many divisive issues presented. Thereafter, in its order entered September 18, 1986, Civil Court directed the respondent-appellant tenants to pay to petitioner's attorney all amounts representing previously withheld rent then held in escrow and to commence paying rent in the full amount set by HPD without abatement for breach of the warranty of habitability and without prejudice to a later claim for abatement or setoff for expenses incurred in performing repairs. Civil Court also directed petitioner to commence making all the repairs set forth in the prior stipulations, and directed HPD to inspect the subject apartments, and upon such inspection, to determine the amount of abatement for breach of the warranty of habitability.

We are of the opinion that it was error for Civil Court to

require the appellant tenants to pay the full amount of rent arrearages prior to determination of the amount of abatement due under the affirmative defense of breach of warranty of habitability. While the substantial efforts of the Civil Court to break the impasse and attempt to bring about the rehabilitation of the building are commendable, the tenants should not be required to pay the full amount of the rents set by HPD prior to adjudication of their affirmative defense of breach of the warranty of habitability. *(Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316; *Ansonia Assocs. v Ansonia Residents' Assn.,* 78 AD2d 211.) Concur—Murphy, P. J., Kupferman, Asch, Kassal and Wallach, JJ.