OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion brought on by the defendant for an order *210 dismissing plaintiffs complaint, pursuant to CPLR 3211 (a) (5), on the grounds of res judicata.
On or about October 18, 1993 an action was commenced seeking damages for, inter alla, illegal lockout, storage fees, moving fees and other money damages. It is defendant’s position that these matters have previously been litigated between the parties in a trial held before the Hon. Ellis Franke, Judge of the Housing Court.
In 1988 a fire occurred in premises owned by the defendant and occupied by the plaintiff. Pending repairs, Ms. Mills vacated the premises at the request of the landlord. More than three years had elapsed when Ms. Mills brought an action in the Housing Part of this court seeking restoration. In addition, and pursuant to RPAPL 853, plaintiff requested that she be awarded treble damages. A trial was conducted, after which the claim was dismissed. The Appellate Term reversed, awarding possession of the apartment, along with $30 costs to Ms. Mills.
It is defendant’s contention that the instant action should be dismissed. "The parties in these two matters are identical, and the issues are all issues that were raised, or at the very least, could have been raised and in fairness should have been raised in the previous proceeding”. (Wharton affidavit.) "The doctrine of res judicata is designed to put an end to a matter once daily decided. It forbids relitigation of the matter as an unjustifiable duplication, an unwarranted burden on the courts as well as on opposing parties.” (Siegel, NY Prac § 442, at 671 [2d ed].)
"A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established in the first.” (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929].)
"Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew.” (Good Health Dairy Prods. Corp. v Emery, 275 NY 14, 18 [1937].)
It is undisputed that the parties to the two proceedings are identical. The underlying facts (the fire and plaintiffs subsequent removal from the premises) are also the same. Therefore, the only issue remaining for this court’s determination is *211 whether the litigation currently before it involves the same cause of action that was involved in the prior matter.
CCA 110 was added in 1972, establishing a Housing Part of the court. Sixteen separate sections, with subdivisions thereto, clearly set forth responsibilities of the Housing Court. "The section substantially expands the equitable powers of the court in housing matters, and provides for the appointment and compensation of housing judges.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 110, at 28.)
It is this court’s opinion that plaintiff herein demands compensatory relief and in particular seeks to be reimbursed for expenses incurred by her by virtue of her removal from the subject premises. At no time was she given an opportunity to litigate these issues in the prior proceeding. (The Judges of the Housing Court are without authority to grant the monetary damages requested herein.) Thus, plaintiffs 1st, 2nd, 3rd, and 5th causes of action are deemed new and independent from the prior proceeding. However, with regard to causes Nos. 4 and 6, plaintiff seeks costs and legal fees in connection with the previously determined appeal. As a determination as to costs and expenses of the prior litigation has been previously made by the Appellate Term, those items in plaintiffs complaint are hereby dismissed.