■ CALIP DAIRIES, INC., Appellant, v PENN STATION NEWS CORPORATION, Doing Business as PENN STATION BOOK STORE, et al., Respondents. [695 NYS2d 70] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 14, 1999, which, *inter alia*, granted defendant Kaplan's motion to dismiss the complaint as against him individually; granted the motion of defendant Penn Station News Corporation (Penn News) to dismiss the complaint to the extent of dismissing plaintiff's causes of action for specific performance of the parties' agreement, lost profits, and unfair competition; granted defendants' motion to vacate the temporary restraining order; and denied plaintiff's motion for a pre-

liminary injunction and to hold defendants in contempt, unanimously modified, on the law, to the extent of vacating that part of the order denying plaintiff's motion to hold defendants in contempt and remanding the matter for a hearing upon the contempt motion, and otherwise affirmed, without costs.

The IAS Court properly dismissed plaintiff's cause of action for specific performance since the clear and unambiguous terms of the parties' agreement only required defendant Penn News to sell plaintiff's ice cream products exclusively after the equipment loaned to it by plaintiff was fully paid for (*see*, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). For the same reasons, the court correctly denied plaintiff's request for a preliminary injunction and granted defendants' motion to vacate the temporary restraining order. The cause of action for lost profits was also properly dismissed because the profits alleged to have been lost could not be determined with a reasonable degree of certainty, the parties' agreement having been in effect for only one year (*see*, *Kenford Co. v County of Erie*, 67 NY2d 257, 261). The unfair competition claim was properly dismissed because the parties were not in competition, plaintiff having been a distributor and defendant Penn News a retailer at the times relevant herein. Finally, the trademark infringement cause of action against defendant Kaplan, Penn News' president, was properly dismissed since plaintiff did not allege Kaplan's individual commission of torts separate from those allegedly committed by him in his corporate capacity (*see*, *Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 586).

Although the parties' agreement did not require Penn News to sell plaintiff's product exclusively until the equipment was fully paid for, the matter is remanded for a hearing as to whether Penn News should be held in contempt in light of its clear violation of the temporary restraining order prohibiting it from selling ice cream products other than those of the plaintiff (*see*, *Coronet Capital Co. v Spodek*, 202 AD2d 20, 29). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.