■ In the Matter of WHITMAN BREED ABBOTT & MORGAN et al., Appellants, v JOHN C. ORAM, Respondent. [752 NYS2d 623] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered March 21, 2002, which denied and dismissed the petition to stay arbitration upon the ground that respondent's representation by his chosen counsel would be violative of various ethical prohibitions and thus offensive to public policy, unanimously affirmed, without costs.

Disqualification of respondent's counsel, Maged F. Riad, for conflict of interest, pursuant to Code of Professional Responsibility DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1]), was properly denied since petitioners failed to adduce evidence sufficient to

establish that there had been an attorney-client relationship between Riad and petitioner Whitman Breed Abbott & Morgan (WBAM) at the time the partnership agreement at issue in the arbitration was drafted and negotiated (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 132).

Nor was Riad subject to disqualification by reason of his access to and possession of WBAM's confidences and secrets. Although, as a former managing partner of WBAM, Riad owes WBAM a fiduciary obligation and has an ethical obligation to maintain WBAM's confidences and secrets (*see Greene v Greene*, 47 NY2d 447, 453), petitioners failed to demonstrate that Riad's representation of respondent would entail a reasonable probability that any such secrets and confidences would be divulged. While Riad eventually became managing partner of WBAM, a position he held no longer than one year, at the time the subject partnership agreement was being negotiated he was merely a prospective partner of the firm and there is no specific allegation that he was, in that capacity, or subsequently, privy to firm secrets and confidences that might be utilized to petitioners' detriment in the present matter.

Finally, since petitioners have failed to demonstrate that Riad's personal knowledge of the matters at issue in the arbitration was so highly and indispensably probative as to render his testimony at the arbitration necessary, Riad's disqualification under the advocate-witness rule (DR 5-102 [a] [22 NYCRR 1200.21 (a)]) was not warranted (*see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 446).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.