■ ROSELIO RODRIGUEZ, Respondent-Appellant, v 1414-1422 OGDEN AVENUE REALTY CORP. et al., Appellants-Respondents, and LEE H. REYNOLDS, Respondent. [758 NYS2d 43] —Order and judgment (one paper), Supreme Court, Bronx County (Gerald Esposito, J.), entered November 28, 2001, which, upon a prior order of the same court and Justice, entered July 9, 2001, granting plaintiff's motion for summary judgment as against defendant landlord 1414-1422 Ogden Avenue Realty and deny-

ing the motion with respect to the remaining defendants and granting the cross motion of those remaining defendants for summary judgment dismissing the complaint as against them, struck defendant landlord's answer and directed an assessment of damages against it, and dismissed the action against the remaining defendants, unanimously affirmed, with costs.

This is an action for wrongful eviction brought by a commercial tenant against its landlord, the landlord's corporate president and the marshal who had effected an eviction with a vacated warrant. The motion court properly granted summary judgment against the landlord based on the final determination in a separate proceeding, that the tenant should be restored to possession (*see generally Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Contrary to defendant landlord's contention, the "narrow doctrine" prohibiting the splitting of a cause of action (*see Murray, Hollander, Sullivan & Bass v HEM Research,* 111 AD2d 63, 66 [1985]) does not preclude the tenant from seeking damages in an action separate from that in which he had sought to be restored to possession.

The landlord's claimed need for discovery provided no basis to forestall summary judgment because, among other reasons, the landlord failed to seek discovery during the eight years the action had been pending (*see National Union Fire Ins. Co. of Pittsburgh v Marangi,* 214 AD2d 469, 470 [1995]). The landlord's eleventh-hour tactical attempt to disqualify plaintiff's attorney was properly denied for lack of even an allegation that the purported advocate-witness' testimony would be necessary (*see Matter of Whitman Breed Abbott & Morgan v Oram,* 300 AD2d 135, 136 [2002]; *Sokolow, Dunaud, Mercadier & Carreras v Lacher,* 299 AD2d 64, 74-75 [2002]).

The action was properly dismissed against the landlord's corporate president, absent any showing that he had acted in other than his corporate capacity or committed an independent tort (*see Robbins v Panitz,* 61 NY2d 967, 969 [1984]; *Calip Dairies v Penn Sta. News Corp.,* 262 AD2d 193, 194 [1999]). It was also properly dismissed against the marshal, based on the presumption of regularity, which was not overcome by any showing that he had knowingly or negligently executed an invalid warrant (*see Mayes v UVI Holdings,* 280 AD2d 153, 159 [2001]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.