[846 NE2d 431, 813 NYS2d 1]

CLA-MIL EAST HOLDING CORP., Also Known as CLAMIL EAST HOLDING CORP., Appellant, v MEDALLION FUNDING CORP. et al., Respondents.

Argued January 11, 2006; decided February 9, 2006

## POINTS OF COUNSEL

*Rappaport, Hertz, Cherson & Rosenthal, P.C.,* Forest Hills (*Jeffrey M. Steinitz* and *Milan Dey-Chao* of counsel), for appellant. I. The Appellate Division erred in reversing the Supreme Court decision granting partial summary judgment on the issue of defendant secured creditor's liability, since the Appellate Division ruling conflicts with section 9-604 of the Uniform Commercial Code, which provides that a secured party which removes collateral shall promptly reimburse any encumbrancer or owner of real property for the cost of repair of any physical injury caused by its removal. (*Berger v Alexopoulos,* 280 AD2d 505; *Leban Store Fixture Co. v August Props.,* 117 AD2d 782; *Dry Dock Sav. Bank v DeGeorgio,* 61 Misc 2d 224.) II. The Appellate Division erred in reversing the Supreme Court decision and allowing a secured party to delegate to a third party the nondelegable duty to reimburse the owner of real property for the cost of repair of any physical injury caused by the removal. (*Kleeman v Rheingold,* 81 NY2d 270; *Mauro v General Motors Acceptance Corp.,* 164 Misc 2d 871; *Feldman v Upton, Cohen & Slamowitz,* 190 Misc 2d 637.) III. The Appellate Division erred in reversing the Supreme Court decision, and incorrectly

construed a waiver of notice incorporated in an agreement to assign a lease as a waiver of the liability that the Uniform Commercial Code imposes on a secured party for the protection of the owner of real property, where the owner was in possession of the real property.

*Kramer & Shapiro, P.C.,* Kew Gardens (*Lisa D. Levine-Shapiro* of counsel), for respondents. I. The Appellate Division, First Department, correctly reversed the Bronx County Supreme Court and properly granted defendants summary judgment dismissing the complaint. (*MGD Graphic Sys. v New York Press Publ. Co.,* 52 AD2d 815, 42 NY2d 1018; *Curiano v Suozzi,* 63 NY2d 113; *Mayes v UVI Holdings,* 280 AD2d 153; *Zeckendorf v Kerry H. Lutz, P.C.,* 282 AD2d 295; *Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397; *Eckstein v Massachusetts Bonding & Ins. Co.,* 281 NY 435; *Treiber v Mouriocourt,* 143 Misc 741; *Po-Wei Wu v Siracusa,* 176 Misc 2d 716, 183 Misc 2d 499; *Greenberg v Kruger, Inc.,* 231 App Div 800, 256 NY 612; *Ide v Finn,* 196 App Div 304.) II. The decision of the Appellate Division dismissing this action in its entirety against defendants does not conflict with the provisions of UCC 9-604 (d). (*Dry Dock Sav. Bank v DeGeorgio,* 61 Misc 2d 224; *Berger v Alexopoulos,* 280 AD2d 505; *Leban Store Fixture Co. v August Props.,* 117 AD2d 782; *Mauro v General Motors Acceptance Corp.,* 164 Misc 2d 871.) III. The Appellate Division could have reversed the Bronx County Supreme Court simply on the basis that plaintiff failed to offer competent proof of the existence of any legally compensable damage. (*Davis v Brightside Fire Protection,* 275 AD2d 298; *Matos v New York City Health & Hosps. Corp.,* 181 AD2d 505; *Zuckerman v City of New York,* 49 NY2d 557; *Marinelli v Shifrin,* 260 AD2d 227.)

**OPINION OF THE COURT**

ROSENBLATT, J.

A secured creditor, Medallion Funding Corp., obtained a court order directing the New York City marshal to recover collateral located on property belonging to Cla-Mil East Holding Corp. Cla-Mil, the judgment debtor's landlord, has alleged that the marshal negligently damaged its real estate, and has sued Medallion and its law firm under a variety of theories. The only one it seriously argues here is that it was entitled to reimburse-

ment under UCC 9-604 (d).* We must now decide whether Medallion's court-ordered use of the marshal, rather than self-help, insulates it from Cla-Mil's claim. We hold that it does.

The present dispute began when a tenant of Cla-Mil's who had operated a laundromat on his leased space defaulted on his rent. About the same time, the tenant defaulted on payments he owed Medallion, which had provided him with a loan to purchase the laundry equipment, including large washers and dryers. The loan was secured by the equipment itself as collateral. Cla-Mil evicted the tenant. Medallion then obtained a judgment against its debtor (the tenant) and an ex parte order from Supreme Court, based on that judgment, directing the city marshal to recover possession of the collateral.

Pursuant to the Supreme Court decree and without notice to Cla-Mil, the marshal broke the landlord's seal on the premises (which, perhaps ironically, had also been placed there by the city marshals) and removed the washers, dryers and associated equipment. To accomplish the removal, the marshal severed air vents, unplugged power lines, and disconnected hot and cold water pipes.

Cla-Mil has sued Medallion and its law firm, alleging that the damage to the premises was caused by the marshal's negligence in performing these disconnections. Cla-Mil alleged trespass, abuse of process and negligence. Supreme Court denied Medallion's motion for summary judgment and granted Cla-Mil partial summary judgment on the question of liability, reasoning in part that Medallion had an obligation to notify Cla-Mil before sending the marshal to repossess the collateral. The Appellate Division reversed and granted summary judgment in Medallion's favor. We now affirm.

UCC 9-604 (d) specifies that "[a] secured party that removes collateral shall promptly reimburse" the owner of real property damaged by the removal (other than the debtor). Here, the party that "remove[d] collateral" was not the secured party, nor any employee, contractor, or agent of the secured party. The New York City marshals are government officers appointed by the Mayor (CCA 1601), neutral and free of any conflict of interest concerning the removal of collateral (CCA 1601-a [2] [a]), and subject to discipline by appropriate authorities (*id.*).

---

* The Appellate Division correctly awarded Kramer & Shapiro, P.C. summary judgment. The firm acted properly in seeking a court order on behalf of its client.

Marshals do not owe allegiance to or take orders from the secured creditors whose collateral they recover; rather, they act under the direction of a court, as the marshal did here.

■ The marshal's actual and legal independence from the secured party suggests to us that the UCC reference to a "secured party that removes collateral" does not include secured parties who arrange for marshals to remove collateral under court order. Policy reasons support a distinction between marshals and secured parties, and we see no reason to conflate their identities under the UCC. If the marshal here damaged the real property, as Cla-Mil alleges, Cla-Mil should have brought an action against the marshal, rather than against Medallion. Indeed, marshals are bonded for just that purpose (*see* CCA 1604), and the Legislature has expressly authorized such actions in the New York City Civil Court (CCA 1605). We see no link between Medallion and the marshal sufficient to make Medallion liable for the marshal's alleged negligence.

■ Furthermore, we reject Cla-Mil's claims to the extent they allege any direct wrongdoing by Medallion. Medallion obtained a judgment against the debtor, returned to court to get an order executing the judgment, and brought the order to a marshal to carry out the execution. At each stage, Medallion avoided self-help and appropriately relied on the legal system to recover its collateral with no breach of peace. Far from abusing legal process, Medallion submitted to legal authority at every step. Such conduct is consistent with public policy disfavoring parties taking matters into their own hands.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.