OPINION OF THE COURT
Memorandum.
Appeals and cross appeals from decisions dismissed. No appeal lies from a decision (UDCA 1702).
Final judgment reversed with $30 costs to petitioner and final judgment directed to be entered awarding possession to petitioner and dismissing without prejudice petitioner’s cause of action for damages, in accordance with the decision herein.
In this unlawful entry and detainer proceeding based on a claim that respondent landlord unlawfully locked petitioner tenant out of the subject cooperative apartment (RPAPL 713 [10]), *113 landlord defended on the ground that, prior to the lockout, it had terminated tenant’s lease for nonpayment of rent pursuant to the provisions of the lease, after service of a notice to cure and a notice to terminate, and that it had auctioned off the shares allocated to the apartment. Landlord further claimed that the purchaser at the auction was an entity named Cathedral Court Associates, the cooperative’s sponsor, which entity is controlled by one Jacques Blinbaum, and that this entity was not made a party respondent. Tenant claimed, inter aha, that the notices served were insufficient to terminate the lease.
After trial, the court found that the notices served were ineffective to terminate the lease, but declined to award possession to tenant because Cathedral Court Associates, the “titled owner,” was not before the court. Instead, the court set the matter down for a further trial to determine the monetary damages to which, it believed, tenant was entitled for the loss of the market value of the unit. The court also stated that it was awarding tenant $4,246.58 for lost rental income, and it rejected tenant’s claim for treble damages, holding, incorrectly (see Jones v City of New York, 161 AD2d 518 [1990]), that a cooperative apartment is not “real property” within the meaning of RPAPL 853. After the second trial, tenant was awarded an additional $12,533.50 plus interest, representing what the court believed was the lost market value of the unit.
We agree with the District Court that the notices served by landlord were ineffective to terminate the lease. Paragraph 30 of the lease unequivocally provides that “at any time after” the happening of specified events, landlord could give tenant a notice stating that the lease term would expire on a date at least five days thereafter. One of the events specified was a default in rent not cured within 10 days after written notice from landlord. Even assuming that landlord timely served the notice to cure, landlord did n -t give tenant a five-day termination notice “at any time after” the default in rent and service of the 10-day notice to cure. Instead, landlord relied on a statement in the notice to cure that the lease would expire on May 28, 1998 if the default were not cured by May 23, 1998, and upon a notice dated May 26, 1998 stating that the lease would terminate as of May 28, 1998. Since no proper five-day notice was served after the expiration of the cure period, the lease was not properly terminated.
We disagree, however, with the District Court’s ruling that tenant could not be restored to possession because Cathe *114 dral Court Associates, the “titled owner,” was not made a party to the proceeding. The record shows that Blinbaum, the principal of Cathedral Court Associates, is also the president of the company which manages the property, the vice-president of landlord, and the person who issued the notice to cure, the notice of termination and the notice of public auction to tenant. Since tenant’s lease was not properly terminated, there was no valid cancellation of tenant’s shares, and Cathedral Court Associates, which clearly was not a bona fide purchaser, was not the “titled owner” of the unit and had no legal right to possession thereof. Given the interlocking relationship between landlord and Cathedral Court Associates, as well as Blinbaum’s active participation in, and control of, the defense of this litigation, Cathedral Court Associates is bound by the findings and determinations made in this proceeding (see Hernandez v Nelson, 143 AD2d 632 [1988]). Accordingly, we remand the matter to the District Court for entry of a final judgment of possession in favor of petitioner following a formal joinder of Cathedral Court Associates (cf. 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338 [1991]).
However, damages for the wrongful eviction, including lost rental income and treble damages, are not available in a summary proceeding brought pursuant to RPAPL 713 (10), and must be secured separately (RPAPL 741 [5]; see Rucci Oil Co. v Rucci, 2003 NY Slip Op 50946[U] [App Term, 2d & 11th Jud Dists 2003]; Kiryankova v Brovkina, 2003 NY Slip Op 50920[U] [App Term, 2d & 11th Jud Dists 2003]; see also Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]; see generally 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 36:2 [4th ed]). Accordingly, tenant’s cause of action for damages is dismissed without prejudice. We note that where an action is dismissed for lack of subject matter jurisdiction, a new action may be commenced within six months after the dismissal provided that the new action would have been timely commenced at the time of the commencement of the prior action (CPLR 205 [a]; see Parker v Mack, 61 NY2d 114 [1984]; Campbell v Fairfield Presidential Assoc., 5 Misc 3d 130[A], 2004 NY Slip Op 51296[U] [App Term, 2d & 11th Jud Dists 2004]).
Rudolph, PJ., Tanenbaum and LaCava, JJ., concur.