■ CAROLINE ROSTANT, Respondent, v DAVID SWERSKY, Defendant, and 790 RSD ACQUISITION, LLC, Appellant. [912 NYS2d 200]—

Order, Supreme Court, New York County (Debra A. James, J.), entered February 5, 2010, which granted plaintiff's motion for leave to reargue the parties' motions for summary judgment on the cause of action for damages pursuant to RPAPL 853 and, upon reargument, granted plaintiff's motion for summary judgment on the issue of liability on that cause of action as against defendant 790 RSD Acquisition only and denied defendants' motion for summary judgment dismissing the cause of action, unanimously affirmed, without costs.

Plaintiff was not precluded from moving for reargument before the order on the first decision was entered. "A court has the inherent power, *sua sponte* or on motion of a party, to reconsider and vacate its prior decision before issuing an order thereon" (*Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999, 1003 [2003]; *Manocherian v Lenox Hill Hosp.*, 229 AD2d 197, 202-203 [1997], *lv denied* 90 NY2d 835 [1997]). Nor did plaintiff's failure to submit all the original motion papers on her reargument motion render the latter procedurally defective. CPLR 2221 does not specify the papers that must be submitted on a motion for reargument, and the decision whether to entertain reargument is committed to the sound discretion of the court (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d

1005 [1992]). Moreover, the motion court gave all parties the opportunity to supplement the record with the underlying papers, and afforded defendants the opportunity to present any further argument warranted by the additional submissions. Thus, defendants were not prejudiced by the deficiencies in plaintiff's submissions on reargument or by the procedures adopted by the court (*see Addison v New York Presbyt. Hosp./ Columbia Univ. Med. Ctr.*, 52 AD3d 269 [2008]).

The doctrine of res judicata ordinarily would preclude plaintiff, whose prior Housing Court action to restore possession had been brought to a final conclusion, from seeking to recover treble damages pursuant to RPAPL 853 in Supreme Court, regardless of whether she had asserted a claim for those damages in the Housing Court action (*see Murray v National Broadcasting Co.*, 178 AD2d 157, 159 [1991]). However, in a summary proceeding to restore possession brought pursuant to RPAPL article 7, the court does not have jurisdiction over a cause of action for damages, including damages pursuant to RPAPL 853 (*Kiryankova v Brovkina*, 2003 NY Slip Op 50920[U], *2-3 [2003]; *see also Matter of Bedford Gardens Co. v Silberstein*, 269 AD2d 445 [2000]; *A & E Tiebout Realty, LLC v Johnson*, 26 Misc 3d 131[A], 2010 NY Slip Op 50055[U] [2010], *affg for reasons stated at* 23 Misc 3d 1112[A], 2009 NY Slip Op 50715[U], *4 [2009]). Damages for wrongful eviction, including RPAPL 853 treble damages, must be sought in a separate action in a court of competent jurisdiction (*Saccheri v Cathedral Props. Corp.*, 16 Misc 3d 111, 114 [2007]; *A & E Tiebout*, 2009 NY Slip Op 50715[U], *4). Accordingly, the doctrine of res judicata is no bar to plaintiff's pursuit of that claim in the instant action (*see Mills v Wharton*, 161 Misc 2d 209, 211 [1994], *affd* 164 Misc 2d 812 [1995]; *see also Rodriguez v 1414-1422 Ogden Ave. Realty Corp.*, 304 AD2d 400, 401 [2003] [claim-splitting doctrine "does not preclude the tenant from seeking damages in an action separate from that in which he had sought to be restored to possession"]).

In view of the foregoing, it is of no moment that the motion court believed, albeit erroneously, that plaintiff represented herself in Housing Court. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.