OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Petitioner commenced this summary proceeding pursuant to RPAPL 713 (10) against his daughter and son-in-law, seeking to be restored to possession of the home he had previously resided in with them. In addition, he sought treble damages pursuant to RPAPL 853. Respondents moved to dismiss the petition, and the District Court granted their motion.
RPAPL 713 (10) states that a special proceeding may be maintained upon the following ground:
“The person in possession has entered the property or remains in possession by force or unlawful means and he or his predecessor in interest was not in quiet possession for three years before the time of the forcible or unlawful entry or detainer and the petitioner was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer; no notice to quit shall be required in order to maintain a proceeding under this subdivision.”
The only allegation in the petition as to petitioner’s interest in the subject property is that “the Premises were purchased by all parties involved.” He also alleged, however, that respondents “are the record owners of the subject premises.” While petitioner may have a claim to be an equitable owner of the premises, he was not the record owner and, thus, although he may have been in occupancy, he was not in “actual possession” or “constructive possession” at the time of the allegedly unlawful detainer and could not maintain an unlawful entry and detainer proceeding {cf. Napier v Spielmann, 196 NY 575 [1909], affg on op at 127 App Div 567 [1908]; World Evangelization Church v Devoe St. Baptist Church, 27 Misc 3d 141[A], 2010 NY Slip Op 50996[U] [App Term, 2d, 11th & 13th Jud Dists 2010]). Petitioner has not provided any other basis for his claim that he is lawfully entitled to possession {see Markun v Weckstein, 100 Misc 668 [App Term, 1st Dept 1917]), nor has he offered any *38 other explanation for how respondents’ detainer of the subject premises was unlawful. Accordingly, the petition was properly dismissed. It is noted that the question of title can properly be litigated in the Supreme Court action which was commenced by petitioner prior to the commencement of this summary proceeding.
We note, in any event, that “damages for the wrongful eviction, including lost rental income and treble damages, are not available in a summary proceeding brought pursuant to RPAPL 713 (10), and must be secured separately” (Saccheri v Cathedral Props. Corp., 16 Misc 3d 111, 114 [App Term, 9th & 10th Jud Dists 2007]).
Accordingly, the order granting respondents’ motion to dismiss the petition is affirmed.
Nicolai, EJ., Molía and Iannacci, JJ., concur.