■ Gersh Korsinsky, Appellant, v Gary H. Rose, a New York City Marshal, Respondent, et al., Defendants. [993 NYS2d 92]—

In an action to recover damages for, inter alia, conversion, trespass, abuse of process, and negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 15, 2012, as granted the motion of the defendant Gary H. Rose pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Nerey v Greenpoint Mtge. Funding, Inc.*, 116 AD3d 1015 [2014]; *Goldberg v Rosenberg*, 116 AD3d 919 [2014]). Where, however, a defendant has submitted evidence in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; see *Xia-Ping Wang v Diamond Hill Realty, LLC*, 116 AD3d 767 [2014]; *Paino v Kaieyes Realty, LLC*, 115 AD3d 656 [2014]; *Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP*, 109 AD3d 574 [2013]). Dismissal pursuant to CPLR 3211 (a) (7) is warranted if the evidentiary proof disproves an essential allegation of the complaint, even if the allegations of the complaint, standing alone, could withstand a motion to dismiss for failure to state a cause of action (see *Deutsche Bank Natl. Trust Co. v Sinclair*, 68 AD3d 914 [2009]; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]; *McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660 [2005]).

Here, the plaintiff alleged, inter alia, that Rose, a New York City marshal, entered his premises and took possession of a gas meter, and that he did so without the benefit of a properly obtained court order, without notice, and without proper procedure. Rose, in support of his motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him, submitted, inter alia, a copy of an order of seizure issued in an action entitled *Brooklyn Union Gas Co. v Korsinsky*, commenced against the plaintiff in the New York City Civil Court, Kings County, under Index No. 415236/10, pursuant to which the Civil Court directed a City marshal to remove the gas meter at issue.

New York City marshals are government officers, neutral and free of any conflict of interest concerning the removal of collateral (see *Cla-Mil E. Holding Corp. v Medallion Funding Corp.*, 6 NY3d 375, 378-379 [2006]; see *also* CCA 1601, 1601-a). They

do not owe allegiance to, or take orders from, the creditors whose collateral they recover; rather, they act under the direction of a court (*see Cla-Mil E. Holding Corp. v Medallion Funding Corp.*, 6 NY3d at 378-379). In executing a facially valid order of seizure, a City marshal may rely on the presumption of regularity that attaches to such an order, a presumption that may be overcome by a showing that he or she knowingly or negligently executed an invalid order of seizure or similar warrant (*see Rodriguez v 1414-1422 Ogden Ave. Realty Corp.*, 304 AD2d 400 [2003]; *Mayes v UVI Holdings*, 280 AD2d 153 [2001]; *Iovinella v Sheriff of Schenectady County*, 67 AD2d 1037 [1979]). Moreover, a City marshal may be held liable for damages negligently caused in the course of executing a valid order of seizure (*see Cla-Mil E. Holding Corp. v Medallion Funding Corp.*, 6 NY3d 375 [2006]).

"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 576 [2011]). Accepting the facts as alleged in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the evidence submitted by Rose established that Rose did not knowingly or negligently execute an invalid order of seizure, and there is no significant dispute in this regard. Accordingly, the plaintiff does not have a cause of action sounding in negligence against Rose in connection with the execution of the order of seizure (*see Cla-Mil E. Holding Corp. v Medallion Funding Corp.*, 6 NY3d 375 [2006]).

"In order to establish a cause of action to recover damages for conversion, 'the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights' " (*Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2010], quoting *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002]; *Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs.*, 55 AD3d 664 [2008]). Here, the Supreme Court properly directed the dismissal of the cause of action sounding in conversion as against Rose because the order of seizure undisputedly established that Rose did not exercise "unauthorized dominion" over the gas meter at issue.

The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another

without justification or permission (*see Marone v Kally*, 109 AD3d 880 [2013]; *Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853 [2012]). Here, the Supreme Court properly directed the dismissal of the cause of action sounding in trespass as against Rose, because the order of seizure undisputedly established that Rose did not enter on the plaintiff's property without justification or permission.

The essential elements of a cause of action sounding in abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Here, the Supreme Court properly directed the dismissal of the cause of action sounding in abuse of process as against Rose, because the facts as alleged in the amended complaint failed to describe conduct on Rose's behalf constituting the second and third elements of a cause of action to recover damages for abuse of process.

Accordingly, the Supreme Court properly granted Rose's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.