(April 18, 2017)

■ Noah H. Silverman, Respondent, v Mary Jo D'Arco, Appellant. [53 NYS3d 624]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 10, 2014, in favor of plaintiff, unanimously reversed, on the law and the facts, without costs, the answer reinstated, and the matter remanded for further proceedings to determine the correct amount of use and occupancy due, taking into account the lawful regulated rent for the unit during the relevant period and any evidence of defendant tenant's defenses and counterclaims that might offset the sum due. Appeal from order, same court and Justice, entered August 13, 2014, which, among other things, granted the landlord's motion for a default judgment in the amount of $40,700.50 for use and occupancy arrears unanimously

dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court has subject matter jurisdiction over this dispute (see *Chelsea 18 Partners, LP v Sheck Yee Mak*, 90 AD3d 38, 41 [1st Dept 2011]). However, the court improperly directed defendant to pay into the court, while the matter was pending, a sum for use and occupancy for the unit that constituted 32 months of rent in a matter that was then 20 months old, and thus exceeded the sums that could have been alleged to have come due from and after the date of service of the complaint on defendant, and failed to consider defendant's defenses and counterclaims (RPAPL 745 [2]; see also *Lang v Pataki*, 271 AD3d 375, 376 [1st Dept 2000], appeal dismissed 95 NY2d 886 [2000]; *664 W. 161 St. Tenants Assn. v Leal*, 154 AD2d 238, 239-240 [1st Dept 1989]). Furthermore, the landlord failed to meet his burden to prove the amount of use and occupancy due, since no proof of the lawful regulated rent during the relevant time period was submitted to the court, and the sum directed was apparently based solely on the landlord's affidavit alleging an unexplained and undocumented "[b]alance [f]orward" due as of January 2011, which was more than five months before commencement of the action (*Mushlam, Inc. v Nazor*, 80 AD3d 471, 472 [1st Dept 2011]).

The court also improperly struck the answer based solely on defendant's failure to pay into the court the sum directed, since defendant had proffered a certified check for approximately two-thirds of the amount, and had applied to the Human Resources Administration for a "one-shot deal" to pay the balance. Accordingly, her good faith efforts to comply with the court's directive did not constitute "willful and contumacious behavior" that could have justified the "drastic remedy" of striking her answer (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011] [internal quotation marks omitted]). Concur—Friedman, J.P., Sweeny, Kapnick and Gesmer, JJ.

---

The Decision and Order of this Court entered herein on November 29, 2016 (144 AD3d 613 [2016]) is hereby recalled and vacated (see 2017 NY Slip Op 70735[U] [2017] [decided simultaneously herewith]).

Motion for permission to file amicus curiae brief granted, and the brief deemed filed.