■ MEPHISTO MANAGEMENT, LLC, Appellant-Respondent, v MOON 170 MERCER, INC., et al., Respondents-Appellants. [52 NYS3d 858]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about July 11, 2014, which, insofar as appealed from, granted so much of defendants' motion as sought to dismiss the wrongful eviction claim, and denied so much of the motion as sought to dismiss the fraud claim, unanimously reversed, on the law, with costs and the motion denied as to the wrongful eviction claim and granted as to the fraud claim.

The complaint states a cause of action for wrongful eviction based on an invalid warrant (RPAPL 853; *see e.g. Rodriguez v 1414-1422 Ogden Ave. Realty Corp.*, 304 AD2d 400 [1st Dept 2003]; *Mayes v UVI Holdings*, 280 AD2d 153 [1st Dept 2001]). Defendant Moon 170 Mercer, Inc.'s service of a 10-day notice to cure a default, commencement of a new holdover proceeding,

and filing of a petition alleging that the tenancy had recently been terminated arguably reflect an intent to revive the lease after the issuance of a warrant of eviction in an earlier proceeding (*see DiGiglio v Tepedino*, 173 AD2d 763 [2d Dept 1991], *lv dismissed* 78 NY2d 1007 [1991]).

The general allegations in the complaint that defendant Michael Shah lacked an intent to perform a contract when he entered into it are insufficient to support a cause of action sounding in fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Arnon Ltd [IOM] v Beierwaltes*, 125 AD3d 453 [1st Dept 2015]; *compare Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122 [1995] [allegation that defendant made false statement of intention is sufficient to support fraud claim]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.