1588-1600 AMS LLC v Gil (2022 NY Slip Op 22080)

1588-1600 AMS LLC v Gil

2022 NY Slip Op 22080 [75 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 8, 2022

[*1]

1588-1600 AMS LLC, Respondent,
v
Louis Gil, Also Known as Luis Gil, Appellant, et al., Respondents.

Supreme Court, Appellate Term, First Department, March 22, 2022

1588-1600 AMS LLC v Gil, 2019 NY Slip Op 34461(U), reversed.

APPEARANCES OF COUNSEL

Manhattan Legal Services (Shantonu J. Basu of counsel) for appellant.
Belkin Burden Goldman, LLP (Magda L. Cruz of counsel) for respondent.

{**75 Misc 3d at 2} OPINION OF THE COURT

Per Curiam.

Order (Clifton A. Nembhard, J.), entered on or about April 28, 2020, reversed, without costs, motion denied, answer reinstated, and the matter remanded to Civil Court for further proceedings.{**75 Misc 3d at 3}
We exercise our discretion to excuse the failure of respondent, the senior citizen son of the deceased rent-controlled tenant, to make a timely court-ordered payment of $6,932.50. The amount due represented some two years of accrued use and occupancy which the court directed to be paid within 11 days (former RPAPL 745 [2] [c]). Although respondent was unable to obtain government assistance within the 11-day period mandated by the court, he proffered the full lump sum due, through counsel, shortly thereafter. In light of petitioner landlord's more than two-year delay in moving for RPAPL 745 relief, the large sum required to be paid, respondent's successful efforts to obtain public assistance funding, as well as his potentially meritorious succession claim, we conclude that he should be afforded a further opportunity to pay the sum due (see Silverman v D'Arco, 149 AD3d 527 [2017]; see generally Matter of Strata Realty Corp. v Pena, 166 AD3d 401 [2018]; 2246 Holding Corp. v Nolasco, 52 AD3d 377 [2008]), and remand accordingly.
While the amendment to RPAPL 745 in the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36, § 1, part M, § 17) does not apply to this proceeding commenced in 2017 (L 2019, ch 36, § 1, part M, § 29), we note that the legislature has since recognized a need for [*2]flexibility in dealing with rent deposits. The amended statute, among other things, permits the court to consider the equities of the case, directs deposit into court of use and occupancy accruing only after the court's order (RPAPL 745 [2] [a]), eliminates the penalty of striking claims and defenses (RPAPL 745 [2] [f]), and permits the court to extend the time for deposit for good cause shown (RPAPL 745 [2] [d] [ii]).
Edmead, P.J., Brigantti and Hagler, JJ., concur.