| **Gupta v Ostad** |
| 2025 NY Slip Op 31610(U) |
| May 1, 2025 |
| Civil Court of the City of New York, New York County |
| Docket Number: Index No. L&T 306310/24 |
| Judge: Clinton J. Guthrie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-----------------------------------------------------------------X
PARITOSH GUPTA,                                                              Index No. L&T 306310/24

                                     Petitioner,

                    -against-                                                **DECISION/ORDER**

STEVEN OSTAD, HERSHY DEMBITZER,
JACQUELINE MUELLER, "JOHN DOE",
"JANE DOE",

                                     Respondents.
------------------------------------------------------------------X
Present:

            Hon. <u>CLINTON J. GUTHRIE</u>
                    Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR § 3211(a)(4) and petitioner's cross-motion for use and occupancy pursuant to RPAPL § 745:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed………………........ | 1 (NYSCEF #15-21) |
| Notice of Cross-Motion & All Documents Annexed……………. | 2 (NYSCEF #23-30) |
| Affirmation in Further Support/in Opposition to Cross-Motion ... | 3 (NYSCEF #31) |
| Affirmation in Further Support (of Cross-Motion)………..…....... | 4 (NYSCEF #32) |

Upon the foregoing cited papers, the decision and order on respondent's motion to dismiss and petitioner's cross-motion for use and occupancy (consolidated for determination herein) is as follows.

PROCEDURAL HISTORY

         This summary holdover proceeding based upon a notice of termination dated March 18, 2024 was commenced in April 2024.  On April 29, 2024, counsel appeared for respondents Steven Ostad and Hershy Dembitzer; the case was adjourned by stipulation several times

1

[* 1]

thereafter.  On September 23, 2024, respondents filed an answer via counsel.[1]

In January 2025, respondent Steven Ostad moved to dismiss pursuant to CPLR § 3211(a)(4), asserting that the matters involved in this proceeding should be litigated in a Supreme Court action pending between the parties, *Steven Ostad v Board of Managers of the 160 Wooster Street Condominium et al.*, Index No. 651628/24 (NY County).  Petitioner opposed the motion to dismiss and cross-moved for use and occupancy pursuant to RPAPL § 745.  After briefing was complete on both motions, this court heard argument on March 26, 2025.  The court adjourned the case once thereafter, to April 24, 2025, in contemplation of possible settlement.  In the absence of a settlement, the court reserved decision on both motions on April 24, 2025.

RESPONDENT'S MOTION TO DISMISS

Respondent's motion seeks dismissal pursuant to CPLR § 3211(a)(4), which provides for dismissal where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States[.]"  The statute specifically provides, however, that "the court need not dismiss upon this ground but may make such order as justice requires." CPLR § 3211(a)(4).  In deciding a CPLR § 3211(a)(4) motion, "a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same." (*DAIJ, Inc. v. Roth*, 85 AD3d 959, 959 [2d Dept 2011] [internal citations omitted]; *see also Whitney v. Whitney*, 57 NY2d 731, 732 [1982]).

Here, the other action pending seeks a declaratory judgment declaring the default notice and notice of termination, which serve as predicates to the instant proceeding, to be null and

---

[1]     Counsel for respondents appeared in the case by signing stipulations dated April 29, 2024 and July 9, 2024, and ultimately filed a notice of appearance on September 24, 2024.

[* 2]

void, a permanent injunction against the condominium board of managers and superintendent, and monetary damages pursuant to RPAPL § 768 against petitioner herein, as well as other defendants named in the action (*see* NYSCEF Doc. 18).  Respondent annexes a copy of petitioner Paritosh Gupta's answer in the Supreme Court action to the motion (*see* NYSCEF Doc. 21).  The answer does not include any counterclaim seeking possession of the subject premises.

Upon due deliberation, the court does not find that this summary holdover proceeding and the Supreme Court action are substantially similar or involve relief that is substantially the same.  It is well established that injunctive and declaratory relief are not obtainable, absent narrow exceptions, in Civil Court (*see Lex 33 Assocs., L.P. v Grasso*, 283 AD2d 272, 272-273 [1st Dept 2001]; *Winthrop Realty, LLC v Menal*, 21 Misc 3d 141[A], 2008 NY Slip Op 52383[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008] [citing *Jones v Gianferante*, 305 NY 135, 139 [1953]; *Topaz Realty Corp. v Morales*, 9 Misc 3d 27, 28-29 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).  Additionally, Civil Court does not have jurisdiction to award monetary damages related to a purported unlawful eviction under RPAPL § 768 (*see Rostant v Swersky*, 79 AD3d 456, 457 [1st Dept 2010]).  Thus, the relief sought by respondent in the Supreme Court action is solely within Supreme Court's subject matter jurisdiction.  On the other hand, the primary relief sought by petitioner herein, which is possession of the subject premises, is not sought in the Supreme Court action.  Moreover, Civil Court is "the strongly preferred forum for resolving . . . landlord-tenant disputes[.]" (*Brecker v 295 Cent Park W., Inc.*, 71 AD3d 564, 565 [1st Dept 2010]; *see also A&L 1664 LLC v Jaspar Hospitality LLC*, 201 AD3d 512, 512 [1st Dept 2022]).  For each of these reasons, respondent has not set forth an adequate basis

3

[* 3]

for dismissal pursuant to CPLR § 3211(a)(4) and the motion is denied in its entirety.

PETITIONER'S CROSS-MOTION

Petitioner's cross-motion seeks a judgment for accrued use and occupancy and pendente lite use and occupancy pursuant to RPAPL § 745. Respondent opposes the motion in its entirety. The court first notes that unlike under the former, pre-HSTPA (Housing Stability and Tenant Protection Act) version of RPAPL § 745, a judgment for accrued use and occupancy is no longer available; only use and occupancy coming due *subsequent* to any order issued pursuant to the statute may be entertained (*see 1599-1600 AMS LLC v Gil*, 75 Misc 3d 1, 3 [App Term, 1st Dept 2022]; *Tzifil Realty Corp. v Mazrekaj*, 78 Misc 3d 128[A], 2023 NY Slip Op 50278[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; RPAPL § 745(2)(d)(i)). Therefore, the prong of petitioner's motion seeking a judgment for accrued use and occupancy is denied, without prejudice to renewal at trial (*see Mazrekaj*, 50278[U], *3 ["RPAPL article 7 only allows for an award of use and occupancy as a money judgment concomitant with an award of possession to the petitioner at the end of the proceeding (*see* RPAPL 747[4])."]).

As for petitioner's request for pendente lite use and occupancy, such relief may only be ordered upon:

> "[T]he second of two adjournments granted solely at the request of the respondent, or upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner . . . upon consideration of the equities[.]" (RPAPL § 745(2)(a)).

An adjournment on consent is not countable for RPAPL § 745 purposes (*Myrtle Ventures Five, LLC v. Eye Care Opt. of NY, Inc.*, 48 Misc 3d 4, 6 [App Term, 2d Dept, 2d, 11th & 13th

Jud Dists 2015]).  Here, upon a review of the court file, it is apparent that each adjournment until this court heard argument on the motions on March 26, 2025 was on consent (either by stipulation or with the court).  Thus, the court does not find that 60 days or two adjournments "made solely at the request of the respondent" (RPAPL § 745(2)(a)) have accrued such that the statutory obligation to pay ongoing use and occupancy has been triggered.  Petitioner's cross-motion is denied in its entirety accordingly.

<u>CONCLUSION</u>

The parties' respective motions are disposed in accordance with the determinations made herein.  The proceeding will be restored for trial transfer on May 27, 2025 at 9:30 AM in Part D, Room 524.

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
     May 1, 2025              _____
                     HON. CLINTON J. GUTHRIE, J.H.C.

**APPROVED**
CGUTHRIE , 5/1/2025, 4:40:06 PM

5